# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| NORMAN GEORGE FLEECE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:10-CV-445 |
| | ) |
| MICHAEL STZRECKI, | ) |
| and GERALD GIFFORD, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Norman George Fleece, a *pro se* plaintiff, filed an incomplete *in forma pauperis* petition for himself along with a complaint attempting to bring a medical malpractice claim on behalf of his mother. For the reasons set forth below, the court **DENIES** the *in forma pauperis* petition (DE #2) and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

BACKGROUND

Norman George Fleece filed this complaint (DE #1) in the United States District Court for the Southern District of Indiana. Because the events and the defendants were alleged to be only in the Northern District of Indiana, the case was transferred here. Norman George Fleece, *pro se*, is attempting to represent his mother

whom he alleges is the victim of medical malpractice here in Indiana.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, Norman George Fleece filed this case *pro se* and identifies himself in the caption as the plaintiff, but he is not the real party in interest in this case. He has also filed an *in forma pauperis* petition describing only his finances. Because the complaint alleges that his mother is the victim of medical malpractice (not him), this is her claim (not his). Therefore his finances are irrelevant to the question of whether his mother must pay the filing fee, and his *in forma pauperis* petition (DE #2) must be denied.

Norman George Fleece does not indicate he is an attorney. Therefore he cannot bring this lawsuit on behalf of another, not even his own mother. *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829,

830 (7th Cir. 1986) ("[I]t is clear that an individual may appear in the federal courts only *pro se* or through counsel.") Therefore, though she could proceed *pro se* or hire an attorney to represent her interests, Norman George Fleece may not represent her. Because it is clear that she has not brought this lawsuit either *pro se* or by counsel, it is legally frivolous and must be dismissed.

Nevertheless, even if she had brought this lawsuit *pro se*, the jurisdiction of this court is highly doubtful. Medical malpractice actions arise under State law (not federal law). Thus, such a claim can only be litigated in federal court where there is complete diversity of citizenship. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). This court has the obligation to inquire into its own subject matter jurisdiction. *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007). Here, it appears that the plaintiff, Eleanor Fleece, and the defendants are both citizens of Indiana. Therefore diversity jurisdiction would not exist.

Furthermore, before a medical malpractice case can be pursued in court, the plaintiff must obtain an opinion from a medical malpractice review panel as required by IND. CODE § 34-18-8-4. *See Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 374 (7th Cir. 2010). This complaint makes no mention of having obtained such an opinion. Therefore this case could not proceed.

CONCLUSION

For the reasons set forth above, the court **DENIES** in *forma pauperis* petition (DE #2) and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).


**DATED: November 5, 2010**          /s/RUDY LOZANO, Judge
                                     **United States District Court**